FILED

Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

12 OCT 10 PM 12: 15

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff, Corey Kendall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

Corey Kendall,

    Plaintiff,

vs.

Diversified Collection Services, Inc. aka Performance Recovery Inc.; and DOES 1-10, inclusive,

    Defendants.

Case No.: CV12-8674 RGK (AJWx)

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**
**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Corey Kendall, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Corey Kendall (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Diversified Collection Services, Inc. aka Performance Recovery Inc. ("Diversified"), is a California business entity with an address of 333 North Canyons Parkway 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff allegedly incurred a financial obligation for a student loan (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **<u>Diversified Engages in Harassment and Abusive Tactics</u>**

12. In March of 2012, Plaintiff filed for bankruptcy protection in the United States Bankruptcy Court, Central District California. The Debt was listed on Plaintiff's petition and the Creditor was duly notified of the bankruptcy filing.

13. In May of 2012, while the bankruptcy was pending, Plaintiff discovered that Diversified placed hard inquiry on his credit report relating to the Debt.

14. Plaintiff contacted Diversified and notified Diversified that he had filed for bankruptcy and that the Creditor was listed on the bankruptcy petition, and further instructed Diversified to contact his attorney.

15. Plaintiff attempted to provide Diversified with his attorney contact information, but Diversified told Plaintiff that it did not want the contact information and terminated the call while Plaintiff was speaking.

16. Plaintiff thereafter contacted the Creditor to confirm that Diversified was collecting the Debt on its behalf. The Creditor advised Plaintiff that Diversified should not be attempting to collect the Debt.

17. Thereafter, Diversified placed another hard inquiry on Plaintiff's credit report.

18. Plaintiff thereafter contacted Diversified to ask why it had again pulled an inquiry on Plaintiff's credit report. Diversified told Plaintiff that the reason Diversified pulled Plaintiff's credit was because it was searching for Plaintiff's assets

and was planning to file a law suit against Plaintiff in seven days unless he immediately paid the Debt.

19.  Plaintiff reminded Diversified of the bankruptcy and this time was able to provide Diversified with his attorney's contact information.

20.  Plaintiff advised Diversified that the Creditor had told him Diversified should not be attempting to collect the Debt, and requested that Diversified contact the Creditor to discuss its attempts to collect the Debt. In response, Diversified accused Plaintiff of lying and fabricating information about his conversation with the Creditor and that Plaintiff was attempting to avoid paying the Debt by lying.

21.  Thereafter, Diversified again ran an inquiry on Plaintiff's credit report.

22.  After Diversified was informed that Plaintiff was represented by an attorney with respect to the Debt, it sent a letter to Plaintiff dated May 31, 2012.

23.  The threat to make payment within seven days or face legal action overshadowed Plaintiff's right to dispute the Debt within 30 days of his initial contact with Diversified.

24.  Plaintiff did not make payment within the seven day deadline, and Diversified did not institute litigation the following week as threatened.

C. **Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants continued to communicate with Plaintiff regarding the debt after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

30. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

31. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

32. The Defendants threatened to take legal action in seven days, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

33. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

34. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of the Defendants' violations.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

39. Diversified Collection Services, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

40. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

41. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 2, 2012                TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Corey Kendall